UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X                                                          CHAPTER 13
IN RE:                                                                                                                          CASE NO.:
  **Cecil Haynes**
                       DEBTOR(S).
---------------------------------------------------X

# CHAPTER 13 PLAN

☐    Check this box if this is an amended plan.  List below the sections of the plan which have been  changed:
_____

**PART 1: NOTICES**

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district.  Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable.  If you do not have an attorney, you may wish to consult one.

**To Creditors:**  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.  You should read this plan carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation; unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See  Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1:** The following matters may be of particular importance.  **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as** *"Not Included"* **or if both or neither boxes are checked, the provision will be ineffective if set out later in the plan.**

| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.6 | ☐ Included | ☑ Not Included |
| c. | Nonstandard provisions, set out in Part 9. | ☐ Included | ☑ Not Included |

**1.2:** The following matters are for informational purposes.

| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3 | ☑ Included | ☐ Not Included |
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim | ☑ Included | ☐ Not Included |

**PART 2:  PLAN PAYMENTS AND LENGTH OF PLAN**

**2.1: The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of 6<u>0</u> months as follows:**

*$3,000.00 per month through and including September 2018 through and including August 2023 for a period of 60 months.*

**2.2:** **Income tax refunds.**

If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year _____, no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

**2.3:**       **Additional payments.**
      *Check one.*
              ☑       **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**PART 3:  TREATMENT OF SECURED CLAIMS**

| Debtor | **Cecil Haynes** | Case number | |
|---|---|---|---|

**3.1.:** **Maintenance of payments (including the debtor(s)'s principal residence).**

Check one.
- ☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed.
- ☑ Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (Including escrow) |
|---|---|---|---|---|
| **Wells Fargo Home Mor** | **2008** | ☐ | **2417 Clarendon Road Brooklyn, NY 11226 Kings County Value by www.zillow.com** | **2193.37** |

**3.2** **Cure of default (including the debtor(s)'s principal residence).**

*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3:** **Modification of a mortgage secured by the debtor(s)'s principal residence.**
*Check one*

- ☐ **The debtor(s) is not seeking to modify a mortgage secured by the debtor's principal residence.**
- ☐ **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.**

*Complete paragraph below*.
- ☑ If applicable, the debtor(s) will be requesting loss mitigation pursuant to General Order #582.

The mortgage due to Ocwen (creditor name) on the property known as **846 Clarkson Avenue, Brooklyn, NY 11234** under account number ending **7016** (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $ **304,921**, may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be $**630,383.71**, and will be paid at **3**% interest amortized over **40** years with an estimated monthly payment of $**2703.33** including interest and escrow of $**350.00**. The estimated monthly payment shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).

**3.4:** **Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.**
*Check one.*

- ☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

- ☐ The debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the court upon determination of such motion.

Insert additional claims as needed.

**3.5:** **Secured claims on personal property excluded from 11 U.S.C. §506.**

*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6:** **Lien avoidance**.

*Check one.*

Debtor     **Cecil Haynes**                                    Case number

    ☑    **None.** If "None" is checked, the rest of § 3.6 need not be completed or reproduced.

**3.7:**     **Surrender of collateral.**

*Check one.*
    ☑    **None.** If "None" is checked, the rest of § 3.7 need not be completed or reproduced.

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1:**     **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

**4.2:**     **Trustee's fees.**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3:**     **Attorney's fees.**
The balance of the fees owed to the attorney for the debtor(s) is $**5,500.00**.

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
    ☑    **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5**     **Domestic support obligations.**

*Check one.*
    ☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

☐ Not less than the sum of $____
☑ Not less than __**100**__% of the total amount of these claims.
☐ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1: The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

    ☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8: POST-PETITION OBLIGATIONS

**8.1:**     Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan

| | | | |
|---|---|---|---|
| Debtor | **Cecil Haynes** | Case number | |

**8.2:** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9: NONSTANDARD PLAN PROVISIONS

**9.1:** Check "None" or list nonstandard plan provisions.

☑ **None.** If "None" is checked, the rest of Part 9.1 need not be completed.

## PART 10: CERTIFICATION AND SIGNATURE(S):

**10.1:** I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

X **/s/ Cecil Haynes**                               X _____
**Cecil Haynes**                                     Signature of Debtor 2
Signature of Debtor 1

Executed on   **August 4, 2018**                     Executed on _____

X **/s/ Darren Aronow**
**Darren Aronow 4094074**
Signature of Attorney for Debtor(s)
Dated:   **August 4, 2018**