

**Managing Partner**
Darren Aronow† € ŏ □

**Associates**
Hanin Shadood †
Barney J. Giannone †
**Of Counsel**
Dana Aronow †
Brian Flick ○
Rusty Payton ◊
Seth Crosland ¥
Edvard Shprukhman ϕ ≠
Robert Prousalis £
Abraham Michelson ¤

# ARONOW LAW, P.C.

**\*20 Crossways Park Drive North, Suite 210**
**Woodbury, New York 11797**
**Tel: (516)-762-6700**
**Fax: (516)-717-3298**
*1704 Flatbush Avenue, 1st Floor*
*Brooklyn, NY 11210*
*Tel: (917)-654-9840*
**\*\*No Mail Received In Brooklyn\*\***

**Admitted In**:
New York†
New Jersey €
Ohio○
Illinois◊
Pennsylvania □
Virginia ŏ
Texas ¥
Massachusetts £
Washington D.C. ≠
Wisconsin ¤
Maryland ϕ

**February 20, 2019**

**Chief Judge Carla E. Craig**
**U.S. Bankruptcy Court, EDNY**
**Conrad B. Duberstein Courthouse**
**271-C Cadman Plaza East - Suite 1595**
**Brooklyn, NY 11201-1800**

|   |   |
|---|---|
| Re: | Loss Mitigation Status Report |
| Debtor: | Cecil Haynes |
| Bankruptcy No.: | 18-44538 |

Dear Honorable Chief Judge Craig:

This firm represents debtor, Cecil Haynes, (hereinafter "Mr. Haynes" or "Debtor") in the above-referenced matter. Please allow this letter to serve as a status update submitted on behalf of Mr. Haynes in connection with his continued participation in this Honorable Court's Loss Mitigation Program.

There has been a fundamental breakdown in this proceeding due to Secured Creditor's unwillingness to negotiate in good faith, as required by this Honorable Court. First and foremost, in response to the Secured Creditor's status letter filed, our firm has been diligently analyzing the terms of the original note and mortgage, as well as the proposed terms that have been offered to Mr. Haynes. The original terms from the inception of the loan, given by JPMorgan Chase Bank, N.A. specified that this was for a residential home. *See Exhibit "A" a copy of the Note and Mortgage[1]*. However, Secured Creditor's proposed terms are for a commercial property. How could Ocwen Loan Servicing, LLC, the current servicer on behalf of U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007-MX1, purchase a residential loan and unilaterally change the terms to a commercial loan? How could Ocwen Loan Servicing, LLC decide internally that the terms now be for a commercial loan as opposed to a residential loan?

There is no mention of any commercial terms in the original note and mortgage. There is NO issue of fact as to whether this property is commercial or residential as a preliminary review of New York City Buildings shows that this property is classified as "S2-Residence-Multi-U." *See Exhibit "B" a copy of NYC Buildings Printout*. Even though the property is mixed used, the original loan was for a residential loan and the property is used as a residential occupancy. Furthermore, universally an investor cannot take a residential loan from a loan pool and convert it to a commercial loan. That is generally a direct violation of the REMIC laws that guides these

---

[1] Page one of the Mortgage states that this is a "Fannie Mae/Freddie Mac" uniform instrument.



## ARONOW LAW. P.C.

_____

loan pools. We respectfully request a copy of the pooling and servicing agreement for this loan pool in order to see whether this is a commercial loan.

Moreover, this Honorable Court's Loss Mitigation Program is designed for the purpose of lenders and debtors to reach a consensual resolution whenever "a debtor's property" that is at risk of foreclosure, not for commercial properties. Moreover, General Order #582 §III(B) requires that the property that is the subject of loss mitigation must be the Debtor's principal residence "in which the Debtor holds an interest", which in this case is Mr. Haynes principal residence. The Secured Creditor failed to state in its Objection to Loss Mitigation that the Debtor should be denied for loss mitigation due to the loan being a commercial loan. Therefore, we respectfully request an explanation form Ocwen Loan Servicing, LLC as to how this loan is now deemed commercial as opposed to the original terms which were for a residential loan.

Thus, creating terms that are egregious in any court which includes a $100,000.00 deposit; an interest rate of 8.625%; a maturity of 5 years from now; and a $500,000.00 balloon payment. *See ECF Doc. No. 39*. This is anything from a good faith loan modification offer and is an insult to the Court. Our office will be sending a Request for Information to the Lender, because upon information and belief, the original loan was booked residential loan.

If any additional information is needed by your Honor, please do not hesitate to contact the undersigned.

Respectfully Submitted,

/s/ Hanin R. Shadood
Hanin R. Shadood, Esq.
Aronow Law, P.C.
Attorneys for the Debtor
20 Crossways Park Drive North,
Suite 210
Woodbury, NY 11797
(516)762-6706