

DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

March 20, 2019

**VIA ECF**
Hon. Carla E. Craig
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East – Suite 1595
Brooklyn, New York 11201

        Re: In Re Cecil Haynes; Case No. 1-18-44538-cec

Dear Judge Craig:

This office represents U.S. Bank in the above referenced matter. Please accept this letter as a status update regarding loss mitigation. Contrary to the Debtor's allegations, the instant loan is not a residential loan. It is in fact, a commercial loan based on its commercial origination. Indeed, U.S. Bank's contention is supported by documentary evidence **signed and acknowledged by the debtor himself.**

First, on or about August 24, 2006, the Debtor executed certain Disclosure Notices and affirmed that the Subject Property is: *"Investment Property – Not owner occupied. Purchased as an investment to be held or rented."* A true and correct copy of the Disclosure Notices is annexed hereto as **Exhibit A.**

Next, on or about September 13, 2006 (the origination date), the Debtor executed an Occupancy Affidavit. The Occupancy Affidavit explicitly affirms that the property is for "*investment purposes*" and that "*This property will not be occupied by me/us and will be considered strictly an investor unit.*" A true and correct copy of the Occupancy Affidavit is annexed hereto as **Exhibit B.**

In addition, it is clear the Defendant previously did not occupy the Subject Property (if he did at all) as a purported primary residence until sometime after August 29, 2014. That is because, on or about August 29, 2014, the Debtor was evaluated and approved for a Home Affordable Modification Program "HAMP" modification for the property known as 2417 Clarendon Road, Brooklyn, New York – which he owns in fee simple. A true and correct copy of the HAMP modification dated July 10, 2014 is annexed hereto as **Exhibit C.**

As Your Honor is certainly aware, part of the eligibility for the now terminated HAMP program was that the property in question be owner occupied as a primary residence. Indeed, by signing the agreement the Debtor acknowledged that he lived in 2417 Clarendon as his primary residence. On a side note, it appears the Debtor has violated the terms of the HAMP agreement, because he now claims to reside in the Subject Property as his primary residence.

Despite the Debtor's gamesmanship and clear bad faith, U.S. Bank tendered a good faith offer to Debtor in an attempt to restructure the debt as encouraged under the Loss Mitigation program. Also, to clarify,



the Debtor already currently has a balloon payment due on the maturity date of $325,000.00 regardless of any restructuring. U.S. Bank's offer to defer principal (which becomes non-interest bearing) and add same to the already existing balloon payment is a method used to attempt to restructure an affordable payment. U.S. Bank still awaits either a formal rejection or acceptance of its offer.

Very Truly Yours,

Solomon A. Frager, Esq.